UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM GAMBLE,**

    **Plaintiff,**

v.                                     **Case No.:** 8:19-cv-2788

**XPRESS GLOBAL SYSTEMS, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM GAMBLE, by and through undersigned counsel, brings this action against Defendant, XPRESS GLOBAL SYSTEMS, LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and under 42 U.S.C. § 1981 for race discrimination and retaliation.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Polk County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates a transportation company in Lakeland, in Polk County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

1

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

16. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

17. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

18. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 1981.

**FACTS**

19. Plaintiff began working for Defendant as a CDL driver in April 2018, and he worked in this capacity until March 2019.

20. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

21. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

22. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

23. Plaintiff is an African American male.

24. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Section 1981.

25. Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

26. Only after Plaintiff reported Defendant's use of vehicles with expired registrations and mechanical defects did Defendant begin to write up Plaintiff.

27. Plaintiff reported all citations as required by Defendant.

28. Defendant's Warehouse Manager, who supervised Plaintiff, harassed Plaintiff because he was African-American by requesting Plaintiff to drive vehicles with expired registrations or those that are mechanically defective.

29. Plaintiff reported the harassment to Defendant's Human Resources and management. Defendant failed to act on Plaintiff's complaint.

30. Defendant retaliated against Plaintiff for reporting the harassment by terminating Plaintiff's employment for pretextual reasons.

## COUNT I – FLSA OVERTIME VIOLATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

   a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

   b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

   c) An equal amount to Plaintiff's overtime damages as liquidated damages;

   d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

   e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

   f) All costs and attorney's fees incurred in prosecuting these claims; and

   g) For such further relief as this Court deems just and equitable.

## COUNT II - 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

35. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

36. Plaintiff is a member of a protected class of persons under Section 1981.

37. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

38. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

39. Defendant's actions were willful and done with malice.

40. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

41. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    d) Compensatory damages, including emotional distress, allowable at law;

    e) Punitive damages;

f)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)  Prejudgment interest on all monetary recovery obtained;

h)  All costs and attorney's fees incurred in prosecuting these claims; and

i)  For such further relief as this Court deems just and equitable.

## COUNT III — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

42. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class of persons under Section 1981.

44. By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

45. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

46. Defendant's actions were willful and done with malice.

47. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

48. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

49. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 8th day of November, 2019.

Respectfully submitted,

/s/ Brandon J. Hill_____
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorney for Plaintiff**