UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM GAMBLE,**

    Plaintiff,

v.                                                   Case No: 8:19-cv-2788-T-35AAS

**XPRESS GLOBAL SYSTEMS LLC,**

    Defendant.

## ORDER

This matter comes before the Court for consideration of the Parties' Joint Stipulation and Motion for Dismissal. (Dkt. 20) Therein, the Parties advise that they have successfully resolved their dispute and seek dismissal of the action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without the Court's approval of their settlement agreement under <u>Lynn's Food Stores, Inc. v. United States Dep't of Labor,</u> 679 F.2d 1350 (11th Cir. 1982). In support, the Parties stipulate as follows:

a) Count I of Plaintiff's Complaint is for alleged unpaid overtime wages owed to Plaintiff during the term of his employment from April 2018 to March 2019;

b) Defendant was engaged in the transportation of goods in interstate commerce, and operates as a motor carrier under U.S. Department of Transportation License Number 534817;

c) Plaintiff was employed by Defendant as a truck driver engaged in the transportation of goods emanating from Georgia to their final destination within the State of Florida;

d) The Bills of Lading show the goods transported by Plaintiff originated from the State of Georgia and were transported in the continuous stream of interstate commerce;

e) As such, Defendant is a motor carrier as defined under the Motor Carrier Act, 49 U.S.C. § 13102, and therefore Plaintiff is exempt from any

alleged overtime wages pursuant to 29 U.S.C § 213(b)(1). (Dkt. 20 at 2) The Parties further jointly stipulate that (i) Plaintiff has no viable FLSA claim; (ii) there is no bona fide dispute that Plaintiff is owed any money under the FLSA; (iii) Plaintiff is not compromising an FLSA claim; and (iv) the FLSA claim should be dismissed with prejudice. (Id. at 2–3) The Parties advise that their settlement agreement otherwise provides a general release of claims brought in Counts II and III, based on alleged racial discrimination and retaliation in violation of 42 U.S.C. § 1981. (Id. at 3)

As the parties' settlement did not compromise any bona fide FLSA claim, the Court finds that a review of the settlement is not required for dismissal. See Lynn's Food Stores, 679 F.2d at 1352; Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009); Farrington v. Thorne Research, Inc., No. 615CV1630ORL40TBS, 2015 WL 9598822, at *3 (M.D. Fla. Dec. 7, 2015), report and recommendation adopted, No. 615CV1630ORL40TBS, 2016 WL 48111 (M.D. Fla. Jan. 5, 2016); Shields v. Broadstar Commc'ns, LLC, No. 6:13-CV-1764-ORL-40, 2015 WL 1506780, at *2 (M.D. Fla. Apr. 1, 2015).

Accordingly, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE.** The **Clerk** is directed to terminate any pending motions and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida this 9th day of June, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party